```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION


KEITH A. HOWARD                    ]
     Petitioner,                   ]
                                   ]
v.                                 ]        No. 3:12-0082
                                   ]        Judge Sharp
HENRY STEWARD, WARDEN              ]
     Respondent.                   ]
```

### **M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Henry Steward, Warden of the facility, seeking a writ of habeas corpus.

In September, 2009, a jury in Sumner County found the petitioner guilty of forgery and attempting to evade a sales tax. For these crimes, he received consecutive six year terms, giving the petitioner an aggregate sentence of twelve (12) years in prison.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions and sentences. Docket Entry No.37-5. The Tennessee Supreme Court later denied the petitioner's application for further direct review. Docket Entry No.37-7.

On January 17, 2012, the petitioner filed the instant petition

1

(Docket Entry No.1) for writ of habeas corpus. In the petition, he sets forth eight claims for relief. More specifically, the petitioner alleges that :

1) the evidence was insufficient to support a conviction for forgery;

2) a variance occurred between the proof at trial and the allegations in the indictment;

3) the evidence was insufficient to support a conviction for attempted evasion of sales taxes;

4) the trial court erred by refusing to instruct the jury that the buyer is responsible for the payment of a sales tax;

5) error occurred during sentencing when
   a) the prosecution did not seek enhancement of the sentences;
   b) the sentences were based upon facts other than prior convictions that had not been proven beyond a reasonable doubt;
   c) the sentences were excessive; and

6) counsel was ineffective for failing to file a motion for new trial.

Upon its receipt, the Court examined the petition and determined that it was not facially frivolous. Accordingly, an order (Docket Entry No.4) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules – § 2254 Cases.

Presently pending before the Court are the petition, respondent's Motion to Dismiss (Docket Entry No.35) and

petitioner's Reply (Docket Entry No.39) to the Motion to Dismiss.

The respondent asserts that this action is subject to dismissal because the petitioner has not yet fully exhausted his state court remedies for each and every claim in his petition.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). A claim has been fairly presented when the petitioner has raised both the factual and legal basis for his claim in the state courts. Fulcher v. Motley, 444 F.3d 791, 798 (6th Cir. 2006). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Wilson v. Mitchell, 498 F.3d 491, 498-99 (6th

Cir. 2007).[1]

A review of the record shows that at least one of the petitioner's claims, i.e., the ineffective assistance of counsel, has never been raised in the state courts for review. *See* Docket Entry No.37-1. This claim can still be timely adjudicated in the state courts pursuant to post-conviction procedures available to the petitioner. Tenn. Code Ann. § 40-30-102(a)(a petition for post-conviction relief must be filed "within one year of the date of the final action of the highest state appellate court to which an appeal is taken").[2] Therefore, the respondent correctly notes that the petitioner has failed to fully exhaust all of his claims prior to filing the instant action.

In his petition, the petitioner claims that it would be futile for him to seek relief for his ineffective assistance claim through post-conviction because the post-conviction procedures provided by state law are ineffective. Docket Entry No.1 at pg.9. An exception to the exhaustion requirement does exist if there is no opportunity to obtain redress in the state courts or if the corrective process is so clearly deficient as to render futile any further effort to

---

[1] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; <u>Adams v. Holland</u>, 324 F.3d 838 (6th Cir. 2003).

[2] The Tennessee Supreme Court denied petitioner's application for additional review on October 24, 2011. Docket Entry No.37-7.

4

obtain relief. Duckworth v. Serrano, 454 U.S. 1,3 (1981). However, while the petitioner characterizes the post-conviction procedures as a "judicial round-about", he offers nothing to suggest that use of this corrective process would be futile.

When a habeas corpus petitioner has failed to exhaust all state court remedies for each claim in his petition, a district court is obliged to dismiss the petition. Rose v. Lundy, *supra*, at 455 U.S. 422. Accordingly, an appropriate order will be entered dismissing the petition without prejudice to petitioner's right to pursue any state court remedies which might be available to him. Rule 4, Rules --- § 2254 Cases.

_____
Kevin H. Sharp
United States District Judge